IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHONNIE MOORE,                    §
          Plaintiff,              §
                                  §
v.                                §           CIVIL ACTION NO. 08-02092
                                  §
FORD MOTOR COMPANY, *et al.*,     §
          Defendants.             §

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Remand [Doc. # 6], filed by Plaintiff

Shonnie Moore.  Defendants Ford Motor Company ("Ford") and Thompson Country

Ford-Mercury, Inc., Thompson Country Ford-Mercury, Ltd., and J&T Holdings Co.,

LLC (collectively, the "Thompson Defendants") have responded [Doc. # 9].[1]  Moore

has replied [Doc. # 11][2] and Ford and the Thompson Defendants have filed a surreply

---

[1]     Defendant FMD Investments, LLC, d/b/a Team Ford Mercury of Navasota ("Team Ford") did not join the Notice for Removal and is not a party to this motion.

[2]     Moore's reply was filed several days late and is accompanied by a Motion for Extension of Time [Doc. # 10].  Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court is satisfied that Moore has shown good cause to extend the deadline for her to file her reply.  *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  Defendants' response to Moore's motion for remand was voluminous and additional time for Moore's counsel to reply was necessary.  Defendants have suffered no prejudice from the short delay requested.  Moore's motion for an extension of time is therefore granted, and her reply is deemed timely filed.

[Doc. # 12].[3]  Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Plaintiff's Motion to Remand should be **GRANTED**.

## I.   <u>FACTUAL BACKGROUND</u>

On July 11, 2005, Plaintiff Shonnie Moore, while working for the Still Creek Boys Ranch, suffered severe injuries stemming from a rollover automobile accident, which occurred while Moore was driving a 1999 Ford Econoline 15-passenger van purchased in 2001 and owned by her employer.  As a result of the accident, Moore was rendered a C6–C7 incomplete quadriplegic.  Moore, a resident of Texas, subsequently filed suit in a Texas court, alleging various theories of negligence, products liability claims, misrepresentation, breach of express and implied warranties, and violations of the Texas Deceptive Trade Practices Act ("DTPA").  Moore has sued Ford, a Delaware corporation with its principal place of business in Michigan; the Thompson Defendants, Texas corporations with principal places of business in Texas; and Team Ford, also a Texas-based business.  After a period of discovery, the Thompson Defendants filed a Notice of Removal, alleging that they and Team Ford were improperly joined in this suit for the sole purpose of defeating the federal court's

---

[3]      There is no provision under the federal or local rules of civil procedure permitting the filing of a surreply without leave of the Court.  Nonetheless, in the interests of justice, the Court will consider Defendant's surreply in reaching its holdings herein.

diversity jurisdiction.[4]

## II.   <u>STANDARDS OF LAW</u>

Under federal law, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  If removal is based upon the federal court's "diversity" jurisdiction, the removing party must demonstrate compliance with the requirements of 28 U.S.C. § 1332 by establishing, *inter alia*, that no plaintiff and no defendant are citizens of the same state.[5]  *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).

Under the doctrine of improper joinder, a defendant may remove to a federal forum a case in which diversity of citizenship is facially absent from the pleadings, upon showing that an in-state defendant has been joined solely to defeat diversity. "The doctrine of improper joiner is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a

---

[4]    American Home Assurance Company ("American Home"), which has paid workers' compensation benefits to Moore, has intervened in this suit, seeking recovery against Defendants.   American Home's state of citizenship is not apparent from the documents that have been filed in this case.   However, neither Plaintiff nor Defendants argue that American Home's participation in this lawsuit is relevant to determining the Court's jurisdiction.   American Home was not a party to the Notice of Removal nor to the motion *sub judice*.

[5]    The parties do not dispute that the amount in controversy exceeds $75,000, as is also required to establish diversity jurisdiction under 28 U.S.C. § 1332.   *See* Notice of Removal [Doc. # 1], ¶ 15.

'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting

*McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)); *see also Gasch v.*

*Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Smallwood v. Ill.*

*Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *Travis v. Irby*, 326 F.3d

644, 648 (5th Cir. 2003).  "To demonstrate improper joinder of resident defendants,

the removing defendants must demonstrate either: '(1) actual fraud in the pleading of

jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against

the non-diverse party in state court.'" *Gasch*, 491 F.3d at 281 (quoting *Crockett*, 436

F.3d at 532).

     Ford and the Thompson Defendants rely on the second route, which requires

them to establish "that there is no reasonable basis for the district court to predict that

the plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385

F.3d at 573; *see also Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003);

*Travis*, 326 F.3d at 648.  In conducting an improper joinder analysis, the Court must

carefully distinguish an attack on the overall merits of the case from a showing that

"sham defendants" were added solely to defeat diversity jurisdiction. *Smallwood*, 385

F.3d at 575.  In the majority of cases, a finding that a plaintiff would survive a Rule

12(b)(6) challenge is sufficient to compel remand.  *Id.* at 573; *Boone v. Citigroup,*

*Inc.*, 416 F.3d 382, 388 (5th Cir. 2005) ("A motion to remand is normally analyzed

with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6).").  However, the district court may, at its discretion, pierce the pleadings and conduct a summary inquiry, but only when it appears that "the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."[6]  *Smallwood*, 385 F.3d at 573 (citing *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)). In the absence of such misstatements or omissions, employing a summary judgment standard runs the risk of moving beyond a jurisdictional analysis toward an improper assessment of the merits of the plaintiff's case, which is inappropriate absent certainty that the case may be properly heard by the federal court.  *Id.* at 574.  Thus, any summary inquiry must be exceedingly narrow.

Importantly, "because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."  *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995) (citing *Merrell*

---

[6]     Defendants' reliance on the summary judgment-type review of improper joinder allegations discussed in *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538 (5th Cir. 2004), is misplaced.  Because the *Hornbuckle* court expressly declined to review the remand order, *id.* at 541 n.2, 546, its discussion on the proper analytical standard to apply to an improper joinder issue is largely dicta.  Moreover, on the same day as the *Hornbuckle* decision was handed down, the Fifth Circuit, sitting *en banc*, issued its decision in *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), specifically clarifying the applicable standard of review to apply to motions to remand on the basis of improper joinder.  The Court concludes that the *Smallwood* standard, which favors a 12(b)(6)-type analysis over a summary judgment-type analysis, is controlling and applies it herein.

*Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)).  "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand."  *Gasch*, 491 F.3d at 281–82.  Accordingly, in determining whether a party was improperly joined, all contested factual issues and ambiguities of state law are resolved in favor of the party opposing removal.  *Gasch*, 491 F.3d at 281–82.

## III.  ANALYSIS

### A.   Remand

Moore primarily bases her causes of action on a Texas statute which confers general immunity from products liability suits upon non-manufacturing sellers of goods, subject to seven enumerated exceptions.  *See* TEX. CIV. PRAC. & REM. CODE § 82.003 ("A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" at least one of the enumerated exceptions.)  Moore's allegations of misrepresentation, negligence, strict products liability, and breach of express and implied warranties against the Texas-based defendants are predicated on two of these statutory exceptions.  Moore first asserts that the in-state defendants made express factual misrepresentations about the van that she relied on to her detriment in using the vehicle.[7]  *See also* TEX. CIV. PRAC.

---

[7]      *See* Plaintiff's Original Complaint [Doc. # 1-2], ¶¶ 21.

& REM. CODE § 82.003(a)(5).  Moore also claims that the Texas defendants actually knew of the defects alleged in her petition and that her injury resulted from those defects.[8]  *See also* TEX. CIV. PRAC. & REM. CODE § 82.003(a)(6).  Notably, Ford and the Thompson Defendants concede that Moore has pled various exceptions in her complaint and they offer no argument that her complaint fails under a Rule 12(b)(6) analysis.[9]

Ford and the Thompson Defendants urge the Court to declare Texas-based Team Ford and the Thompson Defendants improperly joined "because there is no reasonable basis for predicting that [Moore] might be able to recover" from them.[10] In support of their claim of improper joinder, they contend that: (1) neither Thompson, Ltd., J&T Holdings Company, nor FMD Investments, LLC, were in existence in their current corporate form at the time of sale or subsequent service of the van and, hence, they cannot be liable for any wrongdoing that occurred at the time Moore's employer purchased the subject van; (2) relatedly, Texas does not recognize a post-sale duty to warn; and (3) based on affidavit and deposition testimony from key witnesses in this

---

[8]     *Id*.

[9]     Notice of Removal [Doc. # 1], at 5 ("There are exceptions to the general rule [of retailer immunity], and Plaintiff has pled several of them.").

[10]    Defendant's Response to Plaintiffs' Motion to Remand ("Defendant's Response") [Doc. # 9], at 6.

case, Moore's allegations regarding express factual misrepresentations and deceptive trade practices by the car dealer defendants must fail as a matter of law.

Ford and the Thompson Defendants would have the Court engage in a summary judgment-type analysis, which, as discussed above, is inappropriate in this context. *Smallwood*, 385 F.3d at 573; *Boone*, 416 F.3d at 388.   Ford and the Thompson Defendants have submitted a sizeable body of evidence attempting to refute each of Moore's claims and many of her factual assertions.   Defendants submit, for instance, nearly one hundred pages of affidavits, depositions, and corporate records. Moore has replied with evidence in opposition.   Ford and the Thompson Defendants' allegation of improper joinder are rooted almost entirely in assertions regarding the merits of the case, with an emphasis on facts bearing on what appears to be a corporate reorganization of the in-state defendants.   Defendants also argue and submit evidence that they did not make express factual misrepresentations about, or "actually" knew of any defect with, the van.   Defendants finally challenge factually Moore's status as a "consumer" under the DTPA.   While Moore responds with evidence of her own, there is no indication that she has "misstated or omitted discrete facts that would determine the propriety of joinder."   Therefore the Court need not and chooses not to pierce the pleadings and conduct a summary inquiry.   *Smallwood*, 385 F.3d at 573 (explaining that the decision to conduct a summary inquiry is solely at the discretion

of the district court).

Indeed, a cursory review of the parties' submissions, demonstrates that there are various fact issues presented by the evidence that go directly to the merits of this case. "The Fifth Circuit has held that a defense upon which fraudulent joinder is based that requires a determination of the merits of should be disposed of by the state court." *Reynolds v. Ford Motor Co.*, No. 5:04-CV-085-C, 2004 WL 2870079, at *4 (N.D. Tex. Dec. 13, 2004) (Cummings, J.) (citing *Smallwood*, 342 F.3d at 405; *Travis*, 326 F.3d at 648) *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. 1981)).  The complexity of the fact-intensive analysis required to determine, *inter alia*, the effect of the corporate form of the in-state defendants, the credibility of sworn testimony, and the legal status of the plaintiff under the DTPA demonstrates that Ford and the Thompson Defendants are seeking a review of the merits of Moore's case under the guise of a removal action.  *Id.* ("Defendant's removal of this action is simply an attempt to circumvent the state court's jurisdiction by having this Court rule on a no-evidence motion for summary judgment guised as a removal action.").  This is a strong indication that remand is warranted.  *Smallwood*, 385 F.3d at 574 ("[T]he inability to make the requisite decision [regarding an alleged improper joinder] in a summary manner itself points to an inability of the removing party to carry its burden.").

In this case, a 12(b)(6)-type analysis is proper. A recent Supreme Court decision teaches as to Rule 12(b)(6) that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). Moore alleges that "Ford and the Thompson Defendants . . . made misrepresentations to the public of material facts concerning the character and/or quality of the [van]. Purchasers of the vehicle justifiably relied upon these misrepresentations that induced and influenced them to purchase and transport others in the [van]."[11] Ford and the Thompson Defendants have established only that serious fact issues exist; Defendants have not demonstrated that Moore cannot possibly succeed against the in-state defendants. Accordingly, the Court finds that the removing parties have failed to meet their burden to demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Remand is warranted.

### B.   Timeliness of Removal

Moore additionally argues that remand is appropriate because Defendants' removal of this case was untimely. The case was removed to federal court on July 1,

---

[11]   Plaintiff's Original Petition [Doc. # 1-2], at 8–9.

2008, 364 days after it was commenced in state court and, according to Ford and the Thompson Defendants, within thirty days of the June 17 and 18, 2008, depositions that they contend produced evidence that Moore's products liability claims against the in-state defendants would fail. *See* 28 U.S.C. § 1446 ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of . . . paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after the commencement of the action."). Moore, focusing on Ford and the Thompson Defendants' arguments concerning her DTPA claim, argues that the relevant information bearing on that cause of action, such as her "consumer" status, has been known to Defendants since as early as December 4, 2007.[12] Whether or not this is the case, however, Ford and the Thompson Defendants additionally claim that it was not until they deposed Dan O'Quinn, the owner and purchaser of the van, on June 17, 2008, that they determined that Moore had no chance of succeeding on her products liability claims against the in-state defendants. Regardless, because the Court finds that remand is proper in this case, it need not reach whether this action was timely removed, especially as it appears that such a determination will require an in-depth

---

[12]     Plaintiff's Reply [Doc. # 11], at 4.

11

review of the merits of Moore's case.

## IV.   <u>CONCLUSION</u>

The Court finds no indication in the parties' submissions that the Thompson Defendants and Team Ford are "sham defendants," joined for the sole purpose of destroying diversity.  Plaintiff Moore has properly pled cognizable causes of action against in-state defendants.  It is necessary only to find a reasonable basis to predict that she may recover from one in-state defendant on a single claim for this Court to be deprived of subject matter jurisdiction.  The Court is satisfied that Moore has, at a minimum, sufficiently pled products liability claims against the Thompson Defendants, cognizable under § 82.003 of the Texas Civil Practice and Remedies Code.  Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Remand [Doc. # 6] is **GRANTED**. This case is **REMANDED** to the 12th Judicial District Court of Grimes County, Texas.  Additionally, it is hereby

**ORDERED** that Plaintiff's Motion for Extension of Time [Doc. # 10] is **GRANTED**.

SIGNED at Houston, Texas, this **22<u>nd</u>** day of **August, 2008.**

Nancy F. Atlas
United States District Judge

P:\ORDERS\11-2008\2092 Remand   080822.0950